Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEANNA A. SCAGLIONE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:09-CR-00132-TMB-2 |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW DEFENDANT DEANNA A. SCAGLIONE by and through her attorney of record Lance C. Wells of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files her sentencing memorandum as follows.

### I. Facts.

Deanna A. Scaglione is 21 years of age. She is a citizen of the United States of America. Ms. Scaglione has been convicted based upon her plea of guilty to one count of Interference with Federally Protected Activity in violation of 18 U.S.C. Sec. 245(b)(2)(B), a class C felony offense. Penalty provisions for the above class C felony offense are a maximum of 10 years

*DEFENDANT'S SENTENCING MEMORANDUM*
*United States of America v. Deanna A. Scaglione*    *Page 1 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 1 of 9

incarceration, maximum 3 years of supervised release, maximum $250,000.00 fine and a $100 special assessment fee.

The facts surrounding this count of conviction are set forth within the final presentence report prepared in this matter and are incorporated herein by reference as though fully set forth. Objections raised as to facts disputed by the defendant within the draft PSR have been resolved by the PSR writer and incorporated within the final presentence report prepared and submitted to this court.

There is no plea or cooperation agreement in this case. Sentencing is open before the court.

Ms. Scaglione self reports and has been confirmed by the presentence report writer that Ms. Scaglione has completed her high school education and is in receipt of her high school diploma. According to the presentence report, Ms. Scaglione has one child a daughter age two (2): Jaylin Scaglione.

Ms. Scaglione's health both physical and mental appear to be good at this time. She does not appear to have any drug and/or alcohol issues and substance abuse is not indicated within the report by the PSR writer or reported by Ms. Scaglione.

Currently, due to this pending case and upcoming sentencing, she is currently incarcerated, unemployed, and does not have nor possess the means in which to pay a monetary fine.

Ms. Scaglione has also entered plea in Alaska state court to two misdemeanors as a result of this same conduct for: Assault in the Fourth Degree and Harrassment in the Second Degree: Class A and B misdemeanors. She is scheduled to be sentenced on these counts on September 22, 2010.

## II. Law.

The Supreme Court held in United States v. Booker (citations omitted) that the mandatory nature of the Sentencing Guidelines system violated the Sixth Amendment of the United States Constitution. To remedy this, the Supreme Court modified the Federal Sentencing statute to make the Sentencing Guidelines truly guidelines--advisory, but not binding on the sentencing court. Id. at 245. Subsequent litigation has affirmed the authority of a sentencing court to sentence within the range of choice dictated by the facts and applicable law of the case before it. See Gall v. United States, 06-7949, 128 S.Ct. 586, 602 (2007)(upholding a sentence outside the advisory guideline range as reasonable); Kimbrough v. United States, 06-6330, 128 S.Ct. 558, 570 (2007)(noting that sentencing courts may vary from the advisory guideline range based solely on policy considerations, including disagreement with the policy underlying the Guidelines in a case); Rita v. United States, 06-5754, 127 S.Ct. 2456, 1465 (2007)(stating that a district court may consider arguments that "the Guideline sentence itself fails

*DEFENDANT'S SENTENCING MEMORANDUM*
*United States of America v. Deanna A. Scaglione*   *Page 3 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 3 of 9

to properly reflect [18 U.S.C.] § 3553(a) considerations"). The result of this development in sentencing law is that sentencing courts must "take account of" the advisory guideline range as part of all the sentencing goals and factors enumerated in 18 U.S.C. § 3553(a), but are no longer bound by the sentencing range indicated by the applicable Guideline in the case. Cunningham v. California, 05-6551, 549 U.S. 270, 127 S.Ct. 856, 867 (2007); Booker, 543 U.S. at 261.

The advisory guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. Gall, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range"). While district courts must "give respectful consideration to the Guidelines", they are permitted "to tailor the sentence in light of other statutory concerns as well". Kimbrough, 128 S.Ct. at 570 (quoting Booker, 543 U.S. at 245-46). The Guidelines are not the only consideration, and the district judge should consider all of the § 3553(a) factors to fashion the appropriate sentence. Gall, at 596. As required by the Sentencing Reform Act, the "over-arching provision instructs the district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense,

*DEFENDANT'S SENTENCING MEMORANDUM*
*United States of America v. Deanna A. Scaglione*          *Page 4 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 4 of 9

to afford adequate deterrents to criminal conduct, and to protect the public from further crimes of the defendant. Kimbrough, 128 S.Ct. at 570 (quoting U.S.C. § 3553(a).

In determining the sentence that is "sufficient, but not greater than necessary", the statute further directs the sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range, and any pertinent policy statement issued by the Sentencing Commission, the kinds of sentences available, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); Accord Kimbrough, 128 S.Ct. at 570. The sentencing court "may not presume that the Guideline range is reasonable", but rather must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient but not greater than necessary, in a given case. Gall, 128 S.Ct. at 597. While the rationale for a non-guideline sentence will necessarily be more detailed the further the deviation from the advisory guidelines suggested by the Sentencing Commission, there is no legal requirement that "extraordinary circumstances" are a prerequisite to imposition of a non-guideline sentence. Id. The sentencing judge has a greater familiarity with an individual case than either the

*DEFENDANT'S SENTENCING MEMORANDUM*
*United States of America v. Deanna A. Scaglione*　　　　*Page 5 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 5 of 9

Sentencing Commission of the Court of Appeals, and is "therefore, in a superior position to find facts and judge their import under § 3553(a) in each particular case". <u>Kimbrough</u>, 128 S.Ct. 574 (quoting <u>Gall</u>, 128 S.Ct. at 597).

### III. Analysis.

Subsequent to review, the Defendant has filed several objections to the draft pre-sentence report prepared in the above matter. All have been resolved by the PSR writer and are set forth within the final PSR submitted to and filed with this court.

Should the court follow counsel's sentencing recommendations defendant should be found to have the following under the now advisory USSG as follows:

1. Base Offense Level: 12 points.
2. Victim Related Adjustment: 3 points.
3. Safety valve: n/a
4. Specific Offense Characteristic: n/a
5. Acceptance of responsibility: -2
6. *Adjusted offense level: 13 points*
7. *Criminal History Level: I: 0 points.*
8. *<u>Advisory Guideline Range: 12-18 months.</u>*

The court's duty is to impose a sentence that is "sufficient but not greater than necessary" after considering all of the factors set forth in sentencing statute 18 U.S.C. §

*DEFENDANT'S SENTENCING MEMORANDUM*
<u>*United States of America v. Deanna A. Scaglione*</u>   *Page 6 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 6 of 9

3553(a). One of the factors is the need for the sentence imposed to reflect the seriousness of the offense. There is no disputing that the offense in which defendant has been convicted is very serious.

The court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, when determining the sentence that is sufficient but not greater than necessary. The defendant is 21 years old. She has one two year old child and does in fact possess some employable job skills. Defendant it is believed is a candidate for rehabilitation based upon her young and youthful age and the fact she has no priors speaks volumes as to her ability to rehabilitate herself. There is no excuse for what happened except to say that it was the acts of two youthful offenders, who clearly were not thinking of what they were doing and the consequences involved, much less its effect upon the victim in this matter and its impact upon the community as a whole. Her acts and omissions can be best described as aberrant behavior.

There is minimum mandatory sentences set forth by Congress in this matter. She faces a sentencing range under the advisory guidelines of 12-18 months. Based on a total offense level of 13 and a criminal history of category I, the guideline advisory imprisonment range still remains 12-18 months months. Ms. Scaglione has been in custody since January 29, 2010, Ms.

*DEFENDANT'S SENTENCING MEMORANDUM*
<u>*United States of America v. Deanna A. Scaglione*</u>   *Page 7 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 7 of 9

Scaglione based upon the above is requesting that she be sentenced to time served in this matter. It is believed that additional incarceration will serve little purpose other than to keep her in custody. She is a youthful offender with positive things going for her as well as family support. She should be allowed to demonstrate the effect incarceration has had upon her and tested on supervised release under the terms and conditions the court determines best for her. She has further severed her ties with Mr. Gum.

## IV. Conclusion.

It is respectfully requested that Ms. Scaglione be sentenced to *time served* and lastly that no fine be imposed as Ms. Scaglione does not have the ability to pay one.

RESPECTFULLY SUBMITTED this 25th day of August 2010.

LAW OFFICES OF LANCE C. WELLS, P.C.

/s/Lance C. Wells, Esq.
Attorneys for Defendant,
Deanna A. Scaglione
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK Bar No. 9206045

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
7/25/10, a copy
of the foregoing was served
electronically upon:

Retta Randall, AUSA
U.S. Attorney's Office

/s/Lance C. Wells

*DEFENDANT'S SENTENCING MEMORANDUM*
<u>*United States of America v. Deanna A. Scaglione*</u>   *Page 9 of 9*
Case 3:09-cr-00132-TMB   Document 76   Filed 08/25/10   Page 9 of 9