PROB 12B
(7/93)

# United States District Court

## for the

## District of Alaska

RECEIVED
JUL 12 2011
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

### Request for Modification of Conditions or Term of Supervised Release
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SCAGLIONE, Deanna      Case Number: 3:09-cr-00132-TMB-02

Sentencing Judicial Officer:    Timothy M. Burgess, U.S. District Court Judge

Date of Original Sentence:    September 9, 2010

Original Offense:    Interference with Federally Protected Activity

Original Sentence:    16 months imprisonment, three years supervised release, and a $100 special assessment.

Date Supervision Commenced: March 22, 2011

## PETITIONING THE COURT

[ ]   To extend the term of supervised release for _____ years, for a total term of _____ years.
[X]   To modify the conditions of supervised release as follows:

> In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in an outpatient treatment program approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

> The defendant shall not consume any alcohol and shall not possess any alcoholic beverages during the period of supervision.

## CAUSE

On June 27, 2011, the defendant telephoned this officer to report that she had been arrested earlier in the morning for Driving Under the Influence (DUI). The defendant stated that after work, she had stopped off at a bar with friends to have a drink. The defendant reported that she had one drink, waited approximately one hour, and then was driving home when she was pulled over by the Anchorage Police Department (APD). The defendant stated that she passed her sobriety tests, but she was still arrested for DUI. The defendant reported her bail as a $250 unsecured bond.

On June 29, 2011, APD report 11-029626 was received by this officer. According to the report, on June

-1-

27, 2001, at approximately 2:24 a.m., a black Chevrolet pickup had been reported to APD as a suspected DUI vehicle. APD officers spotted the vehicle on the Glenn Highway overpass, around the Ft. Richardson area. Officers saw the vehicle accelerating and spinning the tires on the wet roadway, and then take the exit onto the Glenn Highway without using its turn signal. Officers followed the black pickup and noticed that the vehicle was weaving between the lanes, and not maintaining its lane of travel. When a vehicle attempted to overtake the black pickup, the pickup went from approximately 60 mph to 70 mph, continuing to weave between the lanes, when it suddenly veered off onto the Muldoon exit without using a turn signal. Officers stopped the vehicle on Muldoon and identified the driver as the defendant. The defendant was asked to exit the vehicle, where she performed several field sobriety tests. The APD officer that administered the tests determined that the defendant was impaired to drive, the defendant was arrested and transported to the Anchorage Jail, where she was charged with Operating Under the Influence (OUI). At the Anchorage Jail, the defendant provided a breath sample, which showed a breath alcohol content of .095. According to the indices of the Alaska Court System, case 3AN-11-7462 CR, bail was set at a $250 unsecured bond, plus sober transport from the jail. On June 27, 2011, at approximately 5:00 a.m., the defendant posted bond and was transported from the jail to her residence by Suzana Stevens, the defendant's aunt.

Based upon the information received from APD, the defendant has violated the following conditions of supervised release.

1. The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that the defendant committed the offense of Operating Under the Influence, in violation of Anchorage Municipal Code 9.28.020(A), a Class A misdemeanor. This violation is a Grade C violation.

2. The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that the defendant provided a breath sample of .095, which is over the legal limit of .080. This violation is a Grade C violation.

Despite the defendant's violation conduct, it is recommended that the defendant be allowed to remain on supervised release, and that special conditions, to include drug and alcohol treatment and alcohol prohibition, be added to her supervised release. The defendant has agreed to the modification of supervised release. In consideration of these factors, the probation officer is recommending that no action be taken at this time.

*Request for Modification of Conditions or Term*
*Name of Offender         :         SCAGLIONE, Deanna*
*Case Number              :         3:09-cr-00132-TMB-02*

Respectfully submitted,

**REDACTED SIGNATURE**

Paula L. McCormick
U.S. Probation/Pretrial Services Officer
Date: July 1, 2011

Approved by:

**REDACTED SIGNATURE**

Scott J. Waters
Supervising U.S. Probation Officer

## THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other: _____

_____

**REDACTED SIGNATURE**

Timothy M. Burgess
U.S. District Court Judge
Date: 7/11/2011

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# DISTRICT OF ALASKA

U.S.A. v SCAGLIONE, Deanna            Docket No. 3:09-cr-00132-TMB-02

    I, SCAGLIONE, Deanna, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervised release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my conditions of supervised release or to the proposed extension of my term of supervision:

    In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in an outpatient treatment program approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

    The defendant shall not consume any alcohol and shall not possess any alcoholic beverages during the period of supervision.

Signed: _Deanna Scaglione_      Date: 7·7·11
Deanna Scaglione
Probationer or Supervised Releasee

Witness: _REDACTED SIGNATURE_      Date: 7|7|11
Paula L. McCormick
U.S. Probation/Pretrial Services Officer